IN THE MATTER OF THE APPLICATION OF FLOYD C. LEE FOR WRIT OF HABEAS CORPUS.

Superior Court of New Jersey
Appellate Division

Argued June 14, 1960—Decided June 21, 1960.

Before Judges PRICE, GAULKIN and FOLEY.

*Mr. William R. Cohen* argued the cause for plaintiff-appellant Floyd C. Lee.

*Mr. William D. Danberry,* Assistant County Prosecutor, argued the cause for the State of New Jersey and the State of North Carolina (*Mr. Warren W. Wilentz,* Middlesex County Prosecutor, attorney).

PER CURIAM.

Floyd C. Lee filed his complaint for a writ of *habeas corpus,* alleging that he is confined in the Middlesex

County jail by virtue of a warrant for extradition to the State of North Carolina signed by Governor Meyner, and that the "confinement and detention are illegal" because:

"* * *

B. To return the said plaintiff to the State of North Carolina is to return the plaintiff to a status as a prisoner in which he is deprived of his constitutional rights as a citizen of the United States because the prison and prison camps of North Carolina are segregated.

C. Thus, the confinement and detention of the plaintiff by the State of New Jersey in order to effectuate a return of the plaintiff to the State of North Carolina, and the returning of said plaintiff by the State of New Jersey to North Carolina are a violation of the United States Constitution."

Lee therefore demanded that he "be discharged from custody and released from his confinement."

The writ was issued, but, following a hearing before the Law Division, it was dismissed and Lee was "remanded unto the custody of the Sheriff of the County of Middlesex for extradition." Lee appeals, contending that rendition is unconstitutional because it will necessarily result in his incarceration in a segregated institution, and therefore the court below was obliged to halt the extradition.

It is not disputed that Lee was convicted of a crime in North Carolina and, while serving his sentence, he escaped from a prison camp; nor is it denied that the North Carolina penal institutions are segregated.

The court below held that Lee's recourse must be to the courts of North Carolina, and that the courts of this state may not interfere with the Governor's warrant of rendition upon the grounds here alleged. Lee's position has been ably and forcefully presented by his assigned counsel. However, we agree with the disposition of the case made by the trial court. *Sweeney v. Woodall,* 344 *U. S.* 86, 97 *L. Ed.* 114, 73 *S. Ct.* 139 (1953).

Affirm.